**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

FILED

DEC 18 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| WESTERN PENNSYLVANIA ELECTRICAL EMPLOYEES PENSION FUND, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff-Appellant,<br><br>v.<br><br>MENTOR GRAPHICS CORPORATION; WALDEN C. RHINES; GREGORY K. HINCKLEY; JOSEPH REINHART,<br><br>Defendants-Appellees. | No.   18-35693<br><br>D.C. No. 3:16-cv-00470-PK<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Oregon
Anna J. Brown, District Judge, Presiding

Argued and Submitted November 7, 2019
Portland, Oregon

Before:  GILMAN,[**] PAEZ, and RAWLINSON, Circuit Judges.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The Honorable Ronald Lee Gilman, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

Western Pennsylvania Electrical Employees Pension Fund (WPEE) appeals the district court's dismissal of its complaint for failure to adequately plead scienter and loss causation under § 10(b) of the Securities Exchange Act of 1934 (the Exchange Act) and Rule 10b-5. We have jurisdiction under 28 U.S.C. § 1291, and review *de novo*. *See New Mexico State Inv. Council v. Ernst & Young LLP*, 641 F.3d 1089, 1094 (9th Cir. 2011).

A party asserting a securities fraud claim must meet the heightened pleading standards of Rule 9(b) of the Federal Rules of Civil Procedure and the additional requirements set forth in the Private Securities Litigation Reform Act. *See Oregon Pub. Emps. Ret. Fund v. Apollo Grp. Inc.*, 774 F.3d 598, 604 (9th Cir. 2014). Under Rule 9(b), a party alleging fraud or mistake "must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). To state a claim under § 10(b) of the Exchange Act, WPEE was required to allege "(1) a material misrepresentation or omission by the defendant; (2) scienter; (3) a connection between the misrepresentation or omission and the purchase or sale of a security; (4) reliance upon the misrepresentation or omission; (5) economic loss; *and* (6) loss causation." *Schueneman v. Arena Pharm., Inc.*, 840 F.3d 698, 704 (9th Cir. 2016) (citation omitted) (emphasis added).

2

WPEE alleged the following:  1) Mentor was aware of 50-80% of its revenues by the first day of its fiscal quarter; 2) Mentor was aware that Synopsys's new acquisition and emulator constituted a significant threat to Mentor's business and sales; 3) Mentor was aware by May, 2013, of a $80 million decrease in sales to Intel; 4) Mentor was aware that increased semiconductor consolidations could decrease demand for Mentor products; and 5) Mentor was aware that Cadence's anticipated emulator product would reduce Mentor's market share.

The district court did not err in concluding that WPEE failed to plead sufficient allegations giving rise to a strong inference of scienter.  *See Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 991 (9th Cir. 2009), *as amended.* Scienter encompasses not only "intent to deceive, manipulate, or defraud, but also deliberate recklessness."  *In re Quality Sys.*, *Inc. Sec. Litig.*, 865 F.3d 1130, 1144 (9th Cir. 2017) (citation and internal quotation marks omitted).  "A complaint will survive . . . only if a reasonable person would deem the inference of scienter cogent and at least as compelling as any opposing inference one could draw from the facts alleged."  *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 324 (2007) (footnote reference omitted).

The district court appropriately considered the non-culpable alternative inferences, including Mentor's optimism for an upturn in business despite its early

disclosure that Mentor would fail to meet projected sales in the fourth quarter of 2016. Mentor also publicly alluded to a decrease in sales due to a rise in competition, and disclosed the loss of its single-largest emulator customer in early 2015. Mentor's statements during the post-class period did not compel a strong inference of scienter, as they were consistent with declarations made during the class period. *See Ronconi v. Larkin*, 253 F.3d 423, 432 (9th Cir. 2001). Thus, the inference of scienter was not as compelling as the plausible inference of Mentor's confidence of an increase in revenue. *See Tellabs*, 551 U.S. at 323 ("[T]he court must take into account plausible opposing inferences. . . ."). Given that WPEE has not adequately pled scienter, this court need not address the loss causation issue. *See Oregon Pub. Emps. Ret. Fund*, 774 F.3d at 609 (stating that scienter and loss causation are "independent bases on which to dismiss the Plaintiffs' claims" ).

**AFFIRMED.**